UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL D. WELLS,

                Plaintiff,

-against-

N.Y.S. DOCS; ANTHONY J. ANNUCCI, COMMISSIONER; SUPT. MILLER; DEP. SUPT. INFANTANO; C.O. D. KWARTER; C.O. KELLY; C.O. AUGUST; H. BLOCK EMPLOYEES,

                Defendants.

21-CV-6921 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, brings this action *pro se*.[1] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Wells v. NYC Health and Hosp. Corp.*, ECF 1:12-CV-5858, 54 (S.D.N.Y. June 20, 2013). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff alleges:

---

[1] This action, which was originally filed in the United States District Court for the Eastern District of New York, was transferred to this Court by order dated August 12, 2021. *Wells v. N.Y.S. DOCS*, No. 21-CV-4397 (KAM) (RLM) (E.D.N.Y. Aug. 12, 2021).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

> Since 4/20/2020, plaintiff has not used yard recreation, gym recreation, general library, no programs, just 1 day a month access intentionally limited It is claimed that N.Y. state D.O.C.C.S. has manufactured my existence to kill me.

(ECF No. 1 at 6-7.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[4] *Id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 18, 2021
        New York, New York

                                                 /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                               Chief United States District Judge

---

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).